## Moore v. Wilson.

(Decided March 20, 1923.)

### Appeal from Henderson Circuit Court.

Highways—Auto Driver Held not Liable for Collision on Theory that His Stopping Caused Car in His Rear to Change its Course.—Defendant's action in slowing down his automobile to pass between plaintiff's buggy ahead of him on the right and teams coming towards them on the left was not negligence, though the driver of an automobile following him, to avoid a collision with him, voluntarily turned to the right and ran into plaintiff's buggy, which defendant passed without touching it, so that a verdict for defendant was properly directed; there being no claim that defendant reduced his speed, except to enable him to have complete control of his car and to avoid contact with vehicles on either side.

YEAMAN & YEAMAN for appellant.

F. J. PENTECOST for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellee Wilson and Mrs. Hyacinth Cook, each in a separate automobile, were driving along the public highway towards the city of Henderson on the 11th of No-

vember, 1920, when they came up behind appellant Moore, who was driving a buggy in the same direction. Moore was on the right-hand side of the road. On the other side of the road were some teams traveling in an opposite direction. At this point appellee Wilson in his automobile was in front of the car of Mrs. Cook and they were driving rather rapidly. In passing between the buggy of appellant Moore on the right-hand side of the road and the vehicles on the left-hand side of the road, appellant Wilson reduced the speed of his car somewhat, whereupon Mrs. Cook came up very suddenly behind the Wilson car and apprehending that her car was going to strike it unless she changed its course, quickly and of her own volition pulled her car to the right so as to miss the Wilson car, and in doing so drove against and into the buggy of appellant Moore, destroying the buggy, injuring the horse and badly crippling the appellant Moore. At the time of the accident the car of Wilson had entirely passed the buggy and horse of appellant; his automobile had not touched the buggy or horse in any way. He had no control over or connection with the automobile driven by Mrs. Cook; without his knowledge or direction Mrs. Cook changed the course of her car so as to strike the buggy as aforesaid. Wilson was in no way responsible for this change of course by Mrs. Cook unless he contributed to it by slowing down his car as he drove between the buggy of appellant and the vehicle on the left-hand side of the road without giving Mrs. Cook a signal or notice of his intention so to do. It is not contended, however, that appellee Wilson reduced the speed of his car except to enable him to have complete control thereof and to avoid coming in contact with vehicles on either side. This was his duty. If Mrs. Cook was driving at a rapid rate of speed and by reason of this she suddenly came up to the rear of the Wilson car and being unable to stop her car quickly enough to avoid collision with the Wilson car, and to avoid such collision purposely and intentionally drew her car to the right so that it ran against the horse and buggy of appellant Moore, the negligence was all her own and not that of appellee Wilson.

At the conclusion of the evidence for appellant Moore appellee Wilson moved the court to direct the jury to find and return a verdict for him. This motion was objected to by appellant but his objection was overruled and the motion sustained, and the jury directed to find and

return a verdict for Wilson. As the appellee Wilson was guilty of no negligence resulting in the injury to appellant Moore, his buggy or horse, the trial court properly sustained appellee's motion for a directed verdict.

Judgment affirmed.